NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1664
_____

UNITED STATES OF AMERICA

v.

ROBERT L. GRANT,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00257-001)
District Judge: Honorable Alan N. Bloch
_____

Argued on May 24, 2011

Before: McKEE, Chief Judge, SCIRICA, and RENDELL, Circuit Judges.

(Opinion Filed: August 11, 2011)
_____

Kimberly R. Brunson, Esq.    **[ARGUED]**
Lisa B. Freeland, Esq.
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA  15222
   *Counsel for Appellant*

Robert L. Eberhardt, Esq.
Rebecca R. Haywood, Esq.    **[ARGUED]**
Laura S. Irwin, Esq.
Troy Rivetti, Esq.
Office of the United States Attorney

700 Grant Street
Suite 4000
Pittsburgh, PA  15219
   *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Robert L. Grant appeals from the District Court's denial of his 28 U.S.C. § 2255 petition for *habeas corpus* alleging ineffective assistance of counsel.  Before the District Court, Grant asserted several instances of ineffective assistance; however, when certifying Grant's appeal[1], we limited the issue to whether Grant's counsel had been ineffective by failing to investigate and advise Grant that he would be sentenced as a career offender under the Federal Sentencing Guidelines.  We have jurisdiction to review the District Court's denial of Grant's petition pursuant to 28 U.S.C. §§ 1291 and 2253. We review the District Court's factual findings under a clear error standard and its legal determinations de novo.  *Cradle v. United States ex. Rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)(citations omitted).  We conclude that the District Court failed to consider Grant's petition under the appropriate legal standard.  Therefore, we will remand this case to the District Court for further consideration consistent with this opinion.

_____

[1] In addition to denying Grant's petition, the District Court also denied Grant a certificate of appealabilty.

2

I

Grant was indicted for one count of distribution and possession with intent to distribute less than 100 grams of heroin pursuant to 21 U.S.C. §§ 841(a)(1) and 841 (b)(b)(C). Prior to a suppression hearing, the prosecutor discussed with Grant's counsel the possibility of a plea by Grant and the estimated five-year sentence he would receive as a result. At the time, neither counsel had an accurate understanding of Grant's criminal record, because he had used aliases that had not come to light. Grant's counsel later testified during *habeas* proceedings that he did not ask Grant about aliases and had not investigated his criminal history. Grant did not change his plea and a suppression hearing was held. At the suppression hearing, Grant was cross examined about his criminal history, admitting that he had been convicted of a felony drug offense in the past under the name "Robert Coleman." Following the hearing, the District Court suppressed statements and information taken from Grant's cell phone, while denying a motion to suppress tape recordings regarding the transaction.

A few days prior to trial, the prosecutor again contacted Grant's counsel to discuss the possibility that Grant would plead rather than proceed to trial. He relayed to counsel that Grant's guideline range would likely have a low end of 51 months and, in light of the quantity of drugs involved, Grant would likely be sentenced to five or six years in prison. Despite the revelation at the suppression hearing that Grant had at least one felony drug conviction, at no point did the attorneys discuss Grant's criminal history or the potential of Grant's being sentenced as a career offender. Following this conversation, counsel contacted Grant and shared what he had discussed with the prosecutor. Counsel believed

3

Grant was not a career offender and at no time did he advise Grant as to how the potential of career offender status could affect his sentence. Based on counsel's advice, Grant decided to change his plea to guilty.

On December 12, 2005, Grant pled guilty to the charge. Prior to accepting his plea, the District Court conducted a thorough plea colloquy, as required by Rule 11 of the Federal Rules of Criminal Procedure. At sentencing on April 20, 2006, the District Court determined that Grant was a career offender under the Guidelines, and sentenced him to 151 months in prison. Grant challenged his sentence and the classification as a career offender on direct appeal. We affirmed and Grant then filed a *habeas corpus* petition. It was denied by the District Court, and Grant has appealed to this Court.

II

Under Section 2255 a "prisoner in custody … claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. When a petitioner seeks relief under Section 2255 pursuant to a claim of ineffective assistance of counsel, that party must show, both, that his counsel's performance was unreasonable in light of professional norms and that this performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, it has been conceded that the conduct of Grant's counsel was deficient, and therefore, we will limit our analysis to whether Grant was prejudiced by his counsel's conduct. In the context of a guilty plea after ineffective assistance,

4

prejudice is defined as "a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, the District Court erred in its reasoning in applying the "prejudice" test. Before the District Court, Grant testified that he would have gone to trial had it not been for his counsel's error. The District Court found this testimony to be self-serving and incredible. Moreover, it disregarded counsel's testimony that Grant had a triable case, instead concluding that the prosecutor's actions were irrelevant as to the Sixth Amendment analysis. The Court concluded that Grant was not prejudiced by his counsel's conduct because the thorough plea colloquy performed by the District Court cured any harm.

However, this approach fails to fully consider whether Grant would have proceeded to trial but for his counsel's actions. Instead, the appropriate question to be addressed by the District Court is whether there was a reasonable probability that Grant would have gone to trial had it not been for his counsel's failure to investigate and inform him about his risk of being categorized as a career offender. This question is not necessarily answered by the mere existence of a thorough plea colloquy or the conclusion that the prosecutor's statements were not promises where, as here, Grant had not the slightest hint that he could be facing 151 months, as opposed to 51 months. Rather, while the District Court needed to consider the colloquy, other aspects of this unique fact pattern have a bearing on the situation, and could be said to support a likelihood of Grant's going to trial. Grant's counsel testified he was prepared for trial and the case was

5

triable.[2]  The District Court should have considered this, and also considered what effect counsel's failure to advise Grant, and the total lack of information regarding the career offender status, had on Grant's decision to plead.  Would he have proceeded to trial had he known that, either way, he was facing 151 months?  What would Grant be risking if he went to trial as opposed to changing his plea; would he probably have pled or taken his chances and gone to trial?

This is a unique case.  Grant was never advised by his counsel, nor did the prosecutor ever allude to the possibility of being categorized as a career offender.  The plea colloquy is a factor, but is not necessarily conclusive, given Grant's total lack of information.  Rather, the District Court must weigh all of the relevant facts of this case and consider whether there is "a reasonable probability that, but for counsel's errors, [Grant] would not have pled guilty and would have insisted on going to trial."  *Id.*  The District Court failed to do this.

---

[2] Counsel stated numerous times throughout his testimony that he and Grant were intent on going to trial.  Counsel clarified this intent in an affidavit which reasoned that the case was triable because: (1) a defense motion to suppress statements and information taken from Grant's cell phone had been granted; (2) the government's audiotapes were virtually unintelligible; (3) based on their testimony at the suppression hearing, counsel did not believe the case agents would make good witnesses; (4) the plea agreement for the confidential informant was a "gift that would not stop giving;" (5) based on information obtained from a private investigator, counsel thought that the confidential informant was double dealing and would have to admit it under oath or invoke his Fifth Amendment right.  App. 254-55.

## III

Accordingly, we will vacate the District Court order and remand this case to the District Court for further proceedings in accordance with this opinion.